IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, )<br>)<br>v. )<br>)<br>Virgil Lamonte Johnson, )<br>)<br>Defendant. )<br>_____ ) | CRIMINAL NO. 3:12-850-CMC<br><br>**OPINION and ORDER** |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises a variety of grounds for relief. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion and this matter is ripe for resolution.

**I. BACKGROUND**

On November 7, 2012, Defendant was indicted in this District for the following offenses: conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846 (Count One); conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count Two); conspiracy to use or carry a firearm during and in relation to a drug trafficking crime or crime of violence, 18 U.S.C. § 924(*o*) (Count Three); using or carrying a firearm during and in relation to a drug trafficking crime or crime of violence, 18 U.S.C. § 924(c)(1)(A) (Count Four); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (Count Seven). After a three day trial in May 2013, Defendant was convicted on all counts.

A Presentence Report (PSR) was prepared in anticipation of sentencing. Both counsel for the Government and the Defendant submitted objections to the PSR. On August 8, 2013, Defendant

1

appeared for sentencing. The court sustained the Government's objection to the PSR and overruled Defendant's objection. The court then granted Defendant's motion for a variance sentence based upon the amount of drugs found by the jury attributable to Defendant (an amount lower than the total amount involved in the conspiracy) and the fact that there was not consistent testimony about how much cocaine the individuals involved in the Hobbs Act robbery believed they were going to steal. *See* Sentencing Tr. at 24, ECF No. 183. Defendant was sentenced to 270 months' imprisonment.

Defendant filed a Notice of Appeal to the Fourth Circuit Court of Appeals. Counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising two issues: sufficiency of the evidence and the use of Defendant's proffer statement during his cross-examination. Defendant filed a *pro se* supplemental appellate brief raising the following issues: (1) the district court erred in failing to issue an entrapment instruction; (2) ineffective assistance of counsel; and (3) violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Fourth Circuit affirmed Defendant's conviction and sentence, holding that: (1) the district court properly allowed use of Defendant's proffer; (2) the evidence was sufficient to support a conviction on all counts; (3) the district court did not err by failing to give an entrapment instruction; (4) it was inappropriate to address an ineffectiveness claim on direct review; and (5) all of the remaining claims lack merit. *United States v. Johnson*, 561 F. App'x 288, 290-91 (4th Cir. 2014).

On February 13, 2015, the Clerk received Defendant's motion for relief filed in this court pursuant to 28 U.S.C. § 2255. Defendant asserts a variety of claims, including direct claims of alleged error and ineffective assistance of counsel. In his response to the Government's summary judgment motion, Defendant indicates that "my attorney was ineffective as a whole during plea bargaining all the way [through] to appeal . . . ." Dft. Resp. to Gov't M. at 1, ECF No. 227.

## II. STANDARD

To the extent Defendant has asserted claims other than ineffective assistance of counsel, Defendant may not ordinarily assert claims in a §2255 motion that were not raised on direct appeal. To pursue such a claim in a §2255 motion, Defendant must show either cause and actual prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Additionally, any claims that were asserted on appeal and decided against him cannot be relitigated in a § 2255 motion. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (§2255 petitioner may not "recast, under the guise of collateral attack, questions fully considered by this court").

Defendant contends he received ineffective assistance of counsel. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)."'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536

(1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989) (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). To establish prejudice relating to the actions of appellate counsel, Defendant must establish a reasonable probability that, but for his counsel's unreasonable failure to include a particular issue on appeal, he would have prevailed on his appeal. *See id*. at 285-86.

### III. DISCUSSION

#### A. DEFAULTED GROUNDS FOR RELIEF

Defendant's first Ground for Relief contends he was incorrectly found to be a career offender. Defendant argues his prior State of South Carolina conviction – pointing and presenting a firearm – is not a crime of violence under the guidelines because it is treated as a non-violent offense under South Carolina law.

Defendant's second Ground for Relief maintains he was incorrectly sentenced to a consecutive term of 60 months' imprisonment "because I was subject to a greater mandatory minimum sentence for a drug trafficking offense that was part of the same criminal transaction or set of operative facts as the firearm offense." Mot. at 6.

Defendant's third Ground for Relief claims the court committed error at sentencing. Defendant argues that the jury found him guilty of conspiracy to possess with intent to distribute 500 grams to 5 kilograms of cocaine,[1] and he therefore should not have been sentenced based on an amount of drugs derived from "relevant conduct." *See* U.S.S.G. § 1B1.3.

Defendant's seventh Ground for Relief maintains the Government "falsely devise[d] an effect on interstate commerce where one does not otherwise exist." Mot. at 17. Ground Eight argues that the indictment was a result of "gross gover[n]ment misconduct." Mot. at 17. Ground Nine claims Defendant was entrapped by Government agents. Mot. at 19-20. Ground Ten contends Defendant was the target of selective prosecution; that is, he was targeted for prosecution because of his race. Mot. at 20. Ground Eleven claims the Government engaged in sentencing "entrapment and sentencing manipulation, and my counsel was ineffective for not raising this issue." Mot. at 21.

Defendant did not raise Grounds One, Two, Three,[2] Seven, Eight, Nine, Ten, and Eleven on direct appeal. Defendant may not ordinarily bring a claim in a §2255 motion that he did not raise in his direct appeal. To bring such a claim in a §2255, Defendant must show either cause and actual prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Defendant has made no showing of cause and prejudice, nor has he provided evidence that he is actually innocent of his convictions. Therefore, the Government is entitled to summary judgment on

---

[1]The indictment charged a conspiracy involving the distribution of five or more kilograms of cocaine.

[2]To the extent this Ground for Relief is the same as Defendant's claim on direct appeal that this court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Defendant raised this argument on direct appeal in his supplemental brief and it was rejected by the appellate court. Accordingly, he is foreclosed from rearguing this matter in a motion for relief under 28 U.S.C. § 2255.

Grounds One, Two, Three, Seven, Eight, Nine, Ten, and Eleven and these Grounds are dismissed with prejudice.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL GROUNDS FOR RELIEF

#### 1. Appeal

To the extent Defendant argues appellate counsel was ineffective in failing to raise issues on direct appeal (as he does regarding Grounds One, Two and Three), Defendant cannot establish prejudice regarding these claims. As to Ground One, Fourth Circuit case law is directly contrary to Defendant's contention. *See United States v. King*, 673 F.3d 274, 279 (4th Cir. 2012) (South Carolina conviction for pointing and presenting a firearm qualifies as "crime of violence under the career offender guidelines as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another."). As to Ground Two, Defendant cannot establish prejudice for any failure by appellate counsel to challenge his consecutive sentence because Defendant's argument is in contravention of Supreme Court precedent. *See Abbott v. United States*, 562 U.S. 8, 13 (2010) ("[A] defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."). As to Ground Three, Defendant cannot establish prejudice based on failure to appeal use of relevant conduct in calculating Defendant's guidelines. In fact, Defendant received a downward variance at sentencing which reflected the weight of cocaine found by the jury and not the amount after adding the relevant conduct. *See* Tr. of Sentencing 23-24, ECF No. 183.

### 2. Trial and Sentencing

Defendant's fourth Ground maintains counsel was ineffective "for failing to challenge my designation as a career offender during the plea bargaining stage and during sentencing." Mot. at 9. Defendant contends that "[d]uring plea bargaining, my attorney told me that I would be designated as a career offender because of a prior armed robbery and a pointing and presenting [conviction], however I can't be [found a career offender] for a pointing and presenting . . . ." Mem. in Supp. of Mot. at 16, ECF No. 202-1. Defendant maintains the Government "offered to drop all of my charges if I agreed to plead guilty to conspiracy to commit Hobbs Act robbery again [sic] my lawyer told me that even if I [accepted] the plea I would be designated as a career offender . . . ." *Id.* at 16-17.

The Government argues in opposition that Defendant's claim is unsupported by governing law and the facts of the case. Mem. in Supp. M. Summ. J. (hereinafter "Memo.") at 7, ECF No. 219-1. Specifically, a South Carolina conviction for pointing and presenting a firearm is a "crime of violence" under Fourth Circuit authority. *See United States v. King*, 673 F.3d 274 (4th Cir. 2012).

The court finds this Ground is without merit, as the advice given by counsel was correct. Based upon Defendant's prior record, Defendant is a career offender and would have been found to be a career offender even if he had pleaded guilty. Accordingly, the Government is entitled to summary judgment on this Ground and it is dismissed with prejudice.

Defendant's fifth Ground argues counsel was ineffective in failing to "investigate my only possible defense, although requested by me to do so." Mot. at 15. Defendant also contends he asked counsel to file pretrial motions relating to entrapment, gross government misconduct, for an evidentiary hearing and for grand jury minutes which counsel purportedly refused to file. *Id.*

Finally, Defendant claims he asked counsel to investigate certain evidentiary issues which counsel refused to do. *Id*.

The Government asserts that "counsel's assessment of the entrapment defense was not only reasonable but also correct." Memo. at 14, ECF No. 219-1. As found by the Fourth Circuit, "the evidence did not demonstrate [Defendant's] lack of predisposition to engage in criminal conduct, but instead established his willingness to commit the offenses[.]" *Johnson*, 561 F. App'x at 291 (internal citations and quotation marks omitted).

As to Defendant's assertions relating to entrapment (both counsel's alleged failure to investigate and to file a pretrial motion asserting entrapment), the court finds the Government's position is correct. Additionally, based upon the Fourth Circuit's finding noted above, Defendant cannot establish prejudice as to any alleged ineffectiveness relating to the entrapment issue.

As to Defendant's claims regarding counsel's failure to file motions relating to gross government misconduct, for an evidentiary hearing and for grand jury minutes, the Government maintains that its conduct in conducting the sting operation underlying Defendant's conviction did not shock traditional notions of fundamental fairness. Memo. at 18, ECF No. 219-1. Defendant responds by citing inconsistencies in trial testimony which he contends establish that counsel was ineffective in failing to challenge certain Government conduct. Dft's Resp. at 14.

As to Defendant's assertions regarding counsel's failure to move for an evidentiary hearing and access to grand jury minutes, the Government points out that Defendant has not included any explanation for his assertion that he was entitled to an evidentiary hearing and grand jury minutes. Memo. at 19. Defendant offers no specific argument in response to this position by the Government,

instead offering the general argument that he asked counsel to file motions relating to an evidentiary hearing and access to grand jury minutes. *See* Dft's Resp. at 14, ECF No. 227.

Therefore, for these reasons and the additional arguments presented by the Government, with which the court agrees and finds correct, the Government is entitled to summary judgment on this claim. Ground Five is dismissed with prejudice.

Defendant argues in Ground Six that he received ineffective assistance of counsel when counsel "advis[ed] me that if I accepted [the] Government's plea, where they would drop four counts and I plead guilty to conspiracy to commit Hobbs Act robbery that I would still be a career offender . . . ." Mot. at 16. Defendant contends that the career offender guideline does not apply to inchoate offenses (conspiracies), and he therefore received ineffective assistance of counsel.

The Government responds that U.S.S.G. § 4B1.2 Application Note 1 specifically includes conspiracy to commit a federal offense as a crime of violence. The court agrees. Defendant's argument is without merit; therefore, the Government is entitled to summary judgment and Ground Six is dismissed with prejudice.

Ground Twelve claims that "[m]y counsel was ineffective as a whole prior to trial." Mot. at 22. Defendant contends a variety of issues (*e.g.*, counsel's involvement in a high-profile case and pending wedding) distracted counsel and that counsel failed to visit him prior to trial and fulfill various promises. As noted by the Government, Defendant appears to be arguing cumulative error. *See* Memo. at 24. Pursuant to the cumulative error doctrine, the cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error. *United States v. Basham*, 561 F.3d 302, 330 (4th Cir. 2009). "[S]uch errors must so fatally infect the trial that they violated the trial's fundamental fairness." *Id.* A legitimate

cumulative error analysis evaluates only the effect of matters actually determined to be constitutional error, not the cumulative effect of all of counsel's actions deemed deficient. *See Fisher v. Angelone*, 163 F.3d 835, 852-53 n.9 (4th Cir. 1998); *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) (cumulative error analysis applies when there are two or more actual errors; it does not apply to the cumulative effect of non-errors). Defendant offers no argument in opposition to the Government's position.

For the reasons argued by the Government, with which the court agrees and finds to be correct, the Government is entitled to summary judgment on this Ground and it is dismissed with prejudice.

Finally, Ground Thirteen alleges that counsel was ineffective in failing to raise an entrapment defense. Mot. at 23-24. For the reasons noted above, this assertion is without merit. Accordingly, the Government is entitled to summary judgment and Ground Thirteen is dismissed with prejudice.

## IV. CONCLUSION

The court has reviewed the entire record of this matter. For the reasons noted above and for the reasons stated by the Government, which the court finds correct[3] and adopts, Defendant's asserted grounds for relief are without merit. Aside from his conclusory and self-serving assertions, Defendant provides no argument or evidence to establish counsel was ineffective during the course of this matter, either during trial or on appeal. Moreover, Defendant has failed to show how

---

[3]Two days prior to the filing of the Government's summary judgment motion, the Fourth Circuit Court of Appeals decided *United States v. Foote*, 784 F.3d 931 (4th Cir.), *cert. denied*, __ U.S. __, 135 S. Ct. 2850 (2015). In *Foote*, the Fourth Circuit determined that an error in the application of the guidelines is "not a fundamental defect that inherently results in a complete miscarriage of justice." 784 F.3d at 940. This case is not cited in the Government's motion. However, the Government cites *United States v. Spencer*, 773 F.3d 1132 (11th Cir. 2014) (*en banc*), which is cited approvingly in *Foote*. *See Foote*, 784 F.3d at 938-39.

counsel's actions prejudiced him. As to issues which Defendant raised on appeal and were decided against him, he cannot now succeed on an ineffective assistance of appellate counsel claim because he cannot establish prejudice.

The Government's motion for summary judgment is **granted** and Defendant's motion for relief is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 22, 2015