IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:12-850-CMC |
| v. | |
| Virgil Lamonte Johnson, | Opinion and Order |
| Defendant. | |

On June 24, 2016, Defendant filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his sentence in light of *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016).[1] ECF No. 260. The Federal Public Defender filed a supplemental motion on July 15, 2016. ECF No. 267. On July 29, 2016, the Government moved to stay consideration of the § 2255 motion pending the decision by the United States Supreme Court in *Beckles v. United States*, No. 15-8544 (2016). ECF No. 269. On August 8, 2016, the court stayed this action pending a decision in *Beckles*. ECF No. 279. After *Beckles* was decided, the Government filed a motion for summary judgment. ECF No. 312. Defendant filed a response on July 7, 2017. ECF No. 314

### I. Background

In November of 2012, Defendant was named in a nine-count indictment in this District. ECF No. 37. Defendant was charged in five of the nine counts, including charges of conspiracy to possess with intent to distribute cocaine (count 1), conspiracy to commit Hobbs Act robbery (count 2), conspiracy to carry or possess a firearm in furtherance of a drug trafficking crime and a crime

---

[1] Defendant received permission from the Fourth Circuit to file a second or successive § 2255 motion on June 21, 2016. ECF No. 245.

of violence (count 3), use of a firearm in furtherance of a drug trafficking crime and a crime of violence (count 4), and felon in possession of a firearm (count 7). *Id.*

Defendant went to trial and was convicted on all counts. ECF No. 126. A Pre-Sentence Report (PSR) concluded Defendant had at least two prior felony convictions for crimes of violence, and therefore was classified as a career offender pursuant to U.S.S.G. §4B1.1(b). ECF No. 166. Among Defendant's predicate offenses were armed robbery; pointing and presenting; and assault and battery, 2nd degree. *Id.* at ¶¶ 66, 67, 68.

The PSR determined that Defendant's adjusted offense subtotal, for purposes of calculating sentencing guidelines, was 34 after appropriate offense enhancements, not including the career offender enhancement. *Id.* at ¶ 106. The PSR then considered the career offender enhancement; however, the resulting offense level was also 34: the same as the offense level without taking into consideration Defendant's career offender status. *Id.* at ¶ 107. Defendant's total criminal history score was 9, establishing a criminal history category of IV; however, due to Defendant's career offender status, his criminal history category was increased to VI. *Id.* at ¶¶ 70, 71. Because Defendant was convicted of § 924(c) and determined to be a career offender, U.S.S.G. § 4B1.1 notes the applicable guideline range shall be the greater of the range resulting by adding the mandatory minimum consecutive penalty required by § 924(c) to the otherwise applicable guideline range or the guideline range determined using the table in § 4B1.1(c)(3). *Id.* at ¶ 111. Defendant's guideline range based on his total offense level of 34 and criminal history category VI was 262 to 327 months, plus 60 months for the § 924(c) conviction, resulting in a total range of 322-387 months. *Id.* The guideline range in the table at section (c)(3), with no acceptance of responsibility, is 360 months to life imprisonment. *Id.* Therefore, that became the applicable guideline range.

Defendant filed an objection to the PSR, objecting to "any facts inconsistent with his plea of not guilty and jury trial." ECF No. 166-1 at 2. Defendant did not argue this objection further, but submitted it only to preserve appellate issues. *Id.* The Government also lodged an objection, arguing Defendant should be enhanced two points for perjury due to testimony at trial that was inconsistent with a statement made at the time of his arrest. *Id.* at 1.

On August 8, 2013, Defendant appeared for sentencing. ECF No. 167. The court sustained the Government's objection to the PSR and overruled Defendant's objection, but granted Defendant's motion for variance. *Id.* Defendant was sentenced to 270 months incarceration, followed by four years supervised release. ECF No. 170. Defendant filed a notice of appeal to the Fourth Circuit on August 11, 2013. ECF No. 174. On March 26, 2014, the Fourth Circuit affirmed the decision of the District Court. ECF No. 194. Defendant filed a previous § 2255 motion on February 13, 2015. ECF No. 202. He challenged the use of his pointing and presenting conviction as a career offender predicate offense and argued counsel provided ineffective assistance when he failed to challenge Defendant's career offender designation, among other grounds. *Id.* After full briefing, the court dismissed Defendant's claims with prejudice. ECF No. 229.

On June 21, 2016, Defendant received permission from the Fourth Circuit to file a second or successive § 2255 motion. ECF No. 245. Defendant's *pro se* motion was filed on June 24, 2016 (ECF No. 260), and a supplemental motion was filed on July 15, 2016 (ECF No. 267). This motion is now fully briefed and ripe for resolution.

**II. Impact of Recent Supreme Court Decisions**

On June 26, 2015, the Supreme Court held the residual clause of Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary

3

enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257, holding the newly established right recognized in *Johnson* retroactive to cases on collateral review.

On March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles*, 137 S.Ct. at 890. Therefore, the residual clause in §4B1.2(a)(2) of the former sentencing Guidelines[2] is not void for vagueness. *Id.* at 892.

**Discussion**

   *a. Career Offender*

As a result of *Beckles*, the former residual clause of the career offender guideline is not void for vagueness and Defendant has no vehicle under which to receive sentencing relief. Moreover, even if Defendant were able to challenge his career offender status, the Fourth Circuit has held South Carolina pointing and presenting is a crime of violence under the force clause of the Guidelines. *United States v. King*, 673 F.3d 274 (4th Cir. 2012). Although Defendant argues his predicate offenses should be examined under the law of the highest court in the state, the Supreme Court of South Carolina, this court is bound by the Fourth Circuit's decision in *King*.

---

[2] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

Therefore, Defendant has at least two convictions for crimes of violence and was properly designated a career offender.

In addition, Defendant's § 2255 motion is untimely. A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3). To meet timeliness under § 2255(f)(3), Defendant relied on *Johnson* as declared retroactively available to cases on collateral review by *Welch*. Defendant argued that the former residual clause of the career offender guideline was also void for vagueness, and therefore he was eligible to file his motion within one year of the *Johnson* decision and be deemed timely under § 2255(f)(3). However, as noted above, the *Beckles* court decided the career offender guideline was not void for vagueness; therefore, there is no right newly recognized by the Supreme Court and made retroactive for cases on collateral review that Defendant falls under. Accordingly, his motion under § 2255 is untimely, as it does not meet the requirements of § 2255(f)(3).[3]

    b. *§924(c) Conviction*

Defendant also argues his § 924(c) conviction was based on conspiracy to commit Hobbs Act Robbery, which he contends is not a crime of violence to support such a conviction. The Supreme Court recently invalidated the residual clause in 18 U.S.C. § 16(b), which is worded essentially identically to the residual clause in § 924(c). *See Sessions v. Dimaya*, __ S.Ct. __, 2017

---

[3] Defendant does not meet the requirements of § 2255(f)(1) as his conviction was final in 2014.

WL 1800371 (Apr. 17, 2018). However, invalidation of the residual clause in the definition of crime of violence in § 924(c) would not help Defendant, as the jury verdict makes clear he was convicted of § 924(c) based on an underlying drug trafficking crime as well as a crime of violence. *See* ECF No. 126 at 6.

Despite Defendant's argument that all of § 924(c) is void for vagueness, if *Dimaya* impacts § 924(c) at all it would only serve to invalidate the residual clause in the crime of violence portion (§ 924(c)(3)(B)). The drug trafficking portion of § 924(c)(2) does not contain a residual clause, and states with particularity which charges will serve as underlying crimes for a § 924(c) conviction. Therefore, the Supreme Court's holding in *Dimaya* has no effect on convictions for § 924(c) based on drug trafficking crimes. As Defendant's § 924(c) conviction rests on a drug trafficking crime and a crime of violence, he is not entitled to relief. *United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016) (upholding § 924(c) conviction based on both a drug trafficking crime and a crime of violence).

### III. Conclusion

For the above reasons, Defendant is properly classified as a career offender and his conviction under §924(c) stands. Defendant's § 2255 motions (ECF Nos. 260, 267) are untimely and fail on the merits. The Government's motion for summary judgment (ECF No. 312) is granted and Defendant's claims are dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

6

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 3, 2018